**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0030n.06

**Case No. 17-3562**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 17, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| KENNETH E. JOZWIAK, | ) | |
| Defendant-Appellant. | ) | **O P I N I O N** |
| | ) | |

**BEFORE: ROGERS, McKEAGUE, and WHITE, Circuit Judges.**

**McKEAGUE, Circuit Judge.** Kenneth Jozwiak pled guilty to falsifying a Naval discharge certificate, converting funds from and making false statements to the Department of Veterans Affairs, and obstructing justice. He received an above-guidelines prison sentence of fifty-one months, which he now challenges as substantively unreasonable. Finding no abuse of discretion, we affirm.

**I**

Kenneth Jozwiak has never conformed to the rules. His bad behavior began during his brief period of service in the Navy five decades ago, where he failed to obey orders, incurred unexcused absences, engaged in illegal drug usage, and ultimately triggered his own discharge. Some 76 convictions later, Jozwiak came full circle when he attempted to alter and embellish his service record, fraudulently obtain benefits from the Department of Veterans Affairs (VA), and obstruct the investigation into his actions. Let's briefly review the record leading up to his life's latest chapter, the subject of this appeal.

In 2014, Jozwiak attempted to add his new spouse and her minor son as his lawful dependents, hoping to increase his monthly VA pension benefit entitlement. He did so without reporting their Social Security survivor benefits, thereby fraudulently receiving over $2,000.00 in VA benefits. Jozwiak came to the attention of military investigators, who were looking into his receipt of fraudulent benefits. The investigation revealed Jozwiak had submitted a false military discharge certificate (DD-214) to the Summit County (Ohio) Veterans Service Commission in connection with his attempt to fraudulently obtain VA benefits. During the relevant time period, he was also deceiving the public. He falsely represented himself as a former Navy Seal and Vietnam veteran at his stepson's school, going so far as to falsify a military polaroid and pin a false military ribbon rack representing that he had been awarded four Purple Hearts, a Bronze Star with Valor, and a Silver Star.

Jozwiak initially denied everything to investigators. He said his son had been a Navy Seal (he has fathered four daughters but no sons), he denied falsifying a DD-214 or wearing military ribbons to his stepson's school, and so forth. To make matters worse, Jozwiak placed a recorded phone call to his wife while he was incarcerated, instructing her to falsely allege that investigators "went through [her] panty drawer, and they kept two pairs, two or three pairs of [her] panties" so that "they'll get in a lot of trouble." (R. 32 at Page ID 157–58.)

On August 3, 2016, Jozwiak was charged in a four-count indictment with falsifying a Naval discharge certificate, in violation of 18 U.S.C. § 498, stealing public money, in violation of 18 U.S.C. § 641, making fraudulent statements, in violation of 18 U.S.C. § 1001(a)(2), and tampering with a witness, in violation of 18 U.S.C. § 1512(c)(2). Jozwiak knowingly and voluntarily pled guilty to all counts without the benefit of any plea agreement. His guidelines

2

range was thirty to thirty-six months. He was in criminal history category VI even though 70 out of his 76 prior convictions did not factor into the calculation of his criminal offense level.

At sentencing, Jozwiak argued that his poor health was a justification for a sentence at the low end of the guidelines range. The district court spent considerable time evaluating this argument, even considering a downward departure under U.S.S.G. § 5H1.4 to account for Jozwiak's health conditions, but ultimately rejected either course of action in favor of an upward variance to fifty-one months, which represents the national average for fraud offenses committed by defendants in the same criminal history category. The district court took exception to Jozwiak's extensive criminal history:

> While I've said before I've not seen a criminal history quite like the one before me, I can certainly say that about yours. I have not seen a criminal history with as many arrests, as many convictions and with so few criminal history points.
>
> While you exceed the highest number by five, only 92 percent—92 percent of your convictions are not even scored. So 70 of the 76 convictions don't even score. So you managed to achieve a criminal history category VI and 92 percent of your convictions weren't counted. That's significant.
>
> And even though you're a criminal history category of VI, when that matches up with the offense level of 12, the guidelines suggest 30 months at the low end, 37 months at the high end, and I don't mind telling you, I think that understates the case. It understates the danger. It understates your behavior that's shown a severe disrespect for other people's property, your position in society, and our laws . . . .

(R. 42 at Page ID 246–47.) The district court considered Jozwiak's health conditions—for example, he had a toe amputated because of his complications from diabetes while he was being held in a holding facility awaiting sentencing—but ultimately ruled in effect that if Jozwiak did the crime despite his age and health conditions, he should do the time. "Sometimes age can be viewed as a deterrent to recidivism," the court wrote, "[but] Defendant has not shown this to be true in his case, given his persistent perpetuation of fraud schemes over the past several

3

decades." (R. 38 at Page ID 202–03.) "Similarly, neither Defendant's mental or physical health whether considered individually or in combination with other characteristics encourage a more lenient sentence or that Defendant has ceased being a danger to society." (*Id.*) This appeal followed.

## II

Jozwiak asserts his sentence is substantively unreasonable, arguing that the district court "unreasonably varied upward and gave little consideration to [his] serious health conditions." Appellant's Br. at 10. We review a challenge to an above-guidelines sentence for abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 51 (2007), and find none here.

The district court specifically addressed all the 18 U.S.C. § 3553(a) factors, expressing serious concerns about Jozwiak's criminal history and the "wreckage" wrought as he "paraded around these United States committing these frauds." (R. 42 at Page ID 250.) The court perhaps painted a more optimistic picture of Jozwiak's health than he feels was warranted. But, the court sufficiently considered Jozwiak's health conditions and thoroughly recited its reasons for arriving at a fifty-one-month sentence. In this case, the need to deter Jozwiak and protect others from his persistent pattern of fraud proved too great for the district court.

Jozwiak urges us to assign his health conditions greater weight on the sentencing scale. But it's not this Court's place to weigh the § 3553(a) factors anew—we need only consider whether the district court abused its discretion when it balanced the weights on its own scale. Jozwiak also notes that the guidelines provide for a downward departure where a defendant is "seriously infirm." Appellant's Br. at 12–13. Yet, Jozwiak admits he "did not seek a downward departure," and indeed he sought a sentence within the guidelines. *Id.* Jozwiak thus conceded a substantively reasonable sentence would involve prison time. For all practical purposes, it's

difficult to see how a sentence of fifty-one months would do unreasonable violence to Jozwiak's health while a sentence of thirty months as he requested would be just what the doctor ordered.

Jozwiak's fifty-one-month sentence—above the advisory range of thirty to thirty-seven months—may be harsh, but that does not make it unreasonable. *United States v. Herrera-Zuniga*, 571 F.3d 568, 591 (6th Cir. 2009). "Regardless of whether we would have imposed the same sentence, we must afford due deference to the district court's decision to determine the appropriate length of the defendant's sentence, so long as it is justified in light of the relevant § 3553(a) factors." *Id*. Considering Jozwiak's legendary criminal history—as the district court noted, "[he] managed to achieve a criminal history category VI and 92 percent of [his] convictions weren't counted" (R. 42 at Page ID 247)—we can hardly conclude the district court abused its discretion.

Having rejected Jozwiak's arguments that his sentence is substantively unreasonable, we **AFFIRM**.